UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---------------------------------------------------X
DONALD DZIAMALEK,                  :
      Plaintiff,              :
      vs.                      :   No. 3:10cv1986(SRU)(WIG)
MICHAEL J. ASTRUE,                 :
Commissioner of Social Security,
                               :
      Defendant.
---------------------------------------------------X

## ORDER GRANTING DEFENDANT'S MOTION FOR ENTRY OF JUDGMENT WITH REVERSAL AND REMAND [DOC. #22]

Defendant, Michael J. Astrue, Commissioner of the Social Security Administration, has moved this Court to enter judgment with a reversal and remand of this cause to the Commissioner. Counsel for Defendant represents that she has contacted Plaintiff's counsel, who consents to the relief sought in this motion.

Under sentence four of 42 U.S.C. § 405(g), the Court has the power to enter a judgment with a reversal and remand of the cause to the Commissioner for further proceedings. *See Shalala v. Schaefer*, 509 U.S. 292, 297 (1993); *Melkonyan v. Sullivan*, 501 U.S. 89, 98 (1991). Remand for further development of the record is appropriate when gaps exist in the administrative record or when the administrative law judge ("ALJ") committed legal error. *See Parker v. Harris*, 626 F.2d 225, 235 (2d Cir. 1980).

Here, the Commissioner has determined, and Plaintiff's counsel concurs, that remand of this case is necessary for further proceedings. Upon remand, the Appeals Council will remand the case to an ALJ who will reassess all medical opinion and all other reports by others relating to the severity and functional impact of Plaintiff's impairments in accordance with the Social

Security Administration's ("SSA") regulations and policies. If necessary, the ALJ will obtain additional clarification from treating medical sources, reassess Plaintiff's credibility in accordance with SSA regulations and policies, re-determine Plaintiff's residual functional capacity, and obtain an additional opinion from a vocational expert that takes into consideration all of Plaintiff's medically established functional limitations. In compliance with the above, the ALJ will then issue a new decision.

Accordingly, the Court hereby GRANTS the Defendant's Assented to Motion for Entry of Judgment Under Sentence Four of 42 U.S.C. § 405(g) with Reversal and Remand of the Cause to the Defendant [Doc. # 22]. Plaintiff's Motion to Reverse the Decision of the Commissioner [Doc. # 16] is GRANTED to the extent set forth in this Order.

This is not a Recommended Ruling. The parties have consented to the Magistrate Judge's entering a final order in this case without the need for entry of a recommended ruling and review by a District Judge. See Fed. R. Civ. P. 73(b).

The Clerk is directed to enter a separate judgment in favor of Plaintiff in this matter under Rule 58(a), Fed. R. Civ. P., to remand this cause to the Commissioner for further administrative proceedings in accordance with this Order, and to close this case.

It is SO ORDERED, this   29th   day of November, 2011, at Bridgeport, Connecticut.


                                                                          /s/ *William I. Garfinkel*
                                                                          WILLIAM I. GARFINKEL
                                                                          United States Magistrate Judge